# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD & VASHITA BATISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0458** |
| **AUTO CLUB FAMILY INSURANCE COMPANY; AAA INSURANCE** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 15)** filed by the Defendant, Auto Club Family Insurance Company ("Auto Club"), in compliance with this Court's Order (R. granting Auto Club's Motion to Compel Discovery (R. Doc. 13). The motion is opposed. ( R. Doc. 17) The motion was heard without oral argument on Wednesday, October 14, 2009.

## I.   Factual Summary

The Plaintiffs, Gerald and Vashita Batiste (collectively, "the Plaintiffs"), failed to respond to Interrogatories and Requests for Production of Documents propounded by Auto Club in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34. As a result, Auto Club filed a Motion to Compel Discovery (R. Doc. 7), which was granted by the undersigned on September 4, 2009 ( R. Doc. 13). The Court ordered the award of attorney's fees and costs in connection with the Plaintiffs' failure to comply. Auto Club now seeks an award of $964.50 in attorneys fees and costs.

Auto Club filed a **Motion To Fix Attorney's Fees** (**R. Doc. 15**) and attached an affidavit

by its lead counsel, Bradley J. Luminais, Jr ("Luminais") and an associate, Brittany M. Love ("Love"). Luminais and Love appended a time report, which details the contemporaneous billing entries for the legal services rendered for the work they performed on the Motion to Compel.

The Plaintiffs oppose the amount of fees sought for the subject motion. In so doing, they note that the undersigned only awarded fees on the motion to compel and not the motion to fix attorneys fees. They contend therefore that the amount sought by Auto Club is excessive. (R. Doc. 17)

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Calculating a Reasonable Hourly Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

3

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

According to their affidavits, Luminais and Love charged a rate of $150.00 and $135.00 respectively. Luminais has been licensed to practice law in Louisiana since 2003, or six years, and Love has been licensed to practice law in Louisiana for two years. In reviewing the rates charged in this market for the years of experience that Luminais has, the Court finds that his rate of $150.00 is reasonable given his six years of experience. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

Regarding Brittany Love's rate, the Court finds that the rate of $135.00 is also reasonable. *See Asprodites v. AAA Ins. Co.*, No. 07-6408, 2009 WL 86670, at *2 ( E.D. La Jan. 12, 2009) (finding that an hourly rate of $135.00 was reasonable for an attorney that had been practicing law for two (2) years); *Davis v. Am. Sec. Ins. Co.*, No. 07-01141, 2008 WL 2228896, at *2 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D.La. Feb.28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law

4

for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $135.00 is appropriate and reasonable for Love's work on the motion.

### B.  Determining the Reasonable Hours Expended

Luminais claims to have spent .4 hours and Love claims to have worked 6.7 hours on the Motion to Compel. The Court notes that the Motion was nothing more than a standard motion indicating that they propounded written discovery and that the Plaintiffs failed to respond. The motion further noted that Love conducted the 37.1 conference but was not successful in securing the answers to discovery.

The Court finds that the hours sought by Luminais are reasonable. In contrast, the hours sought by Love are not reasonable for the motion to compel, and the Court instead finds that 2.3 hours are reasonable for the motion. Auto Club did not request fees associated with filing the motion for attorneys' fees once they prevailed on the underlying motion. The Court therefore finds that the sum of $370.50 is reasonable for attorneys' fee.

### C.  Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an

upward or downward departure here.  Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

**IV.** <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that Auto Club's **Motion to Fix Attorney's Fees and Costs (R. Doc.15)** is hereby **GRANTED**.  The Court finds that a total fee of **$370.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the Plaintiffs shall satisfy this obligation to Auto Club no later than **twenty (20) days** from the signing of this Order.

New Orleans, Louisiana, this 11th day of December 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**